[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
FINDINGS, DECISION AND ORDER ON TEMPORARY INJUNCTION
The court, having heard the parties makes the following findings and orders:
 1. That the premises described in the application for injunction has been owned by members of the same family for many years.
 2. Parts of this site are wooded with heavy timber, some of which stands there for 50 years.
3. By reference to owner Purcell, one of the part owners CT Page 3727 of this premises at 140 Leavenworth Road, the Water Pollution Control Authority of the City of Shelton purported to take action authorizing the use of eminent domain.
 4. The Water Pollution Control Authority placed a Statement of Compensation, dated March 6, on the Shelton Land Records in Book 1483, Page 305 of the Shelton Land Records.
 5. I find that this Statement in Schedule A, described an entire tract of land owned by the Zak/Purcell interests. On Page 308 of the Land Records, following the Schedule A description shown on Page 307 of the Land Records, a rendering from an assessor's map based on aerial surveys purported to show a portion of the taking.
 6. The court further finds here that pursuant to provisions of § 7-247 of the statutes, a city acting by its Water Pollution Control Authority may acquire, construct, and operate a sewage system or systems, and may enter upon and take hold by condemnation the whole or any part of real property which it deems or determines is necessary or desirable for use in connection with any sewage system.
 7. The court further finds that this statute assumes that, with respect to real property, there will be sufficient delineation where a partial taking is made so that an owner is able to determine the effect on his or her property which remains; and so that the public at large will, where easements are concerned, understand the area in which the entire tract is burdened by an easement.
 8. The court further finds that § 7-248 sets out the procedure where parties are unable to agree as to compensation for the taking of the property and provides that the Water Pollution Control Authority in the municipality involved may, in the same manner, specified for redevelopment agencies in accordance with §§ 8-128 through 133 inclusive, determine such compensation and proceed in the acquisition and use of such property as provided with respect to § 8-129 of CT Page 3728 the statutes.
 9. The court makes a ninth finding, that in the filing the Statement of Compensation with the Clerk of the Court pursuant to § 8-129 of the statutes, that the statute providing for a description of the property to be taken means that there be a sufficient description either by metes and bounds or by a proper survey; so that not only the property owner but the world at large is able to determine from looking at the record what portion of the premises is to be taken.
 10. The court further finds as its tenth finding that, with respect to temporary easements, there ought to be some indication in the Statement of Taking as to how long the temporary period will endure; so the party who owns the land or parties who own it are able to determine how long the land will be temporarily burdened.
 11. The court as its eleventh finding finds that, with respect to the premises in which the taking is occurring, essentially there is no real benefit to this plot of land and that it has been established that this project is intended to serve an adjoining subdivision. And the condemnation is going through this large tract in making the taking, or attempting to, in order to avoid the inconvenience, cost, and expense of dealing with at lease seven — perhaps as many as eight — private owners in the adjoining subdivision.
 12. The court further finds that, with respect to the temporary taking, the property to be taken is not sufficiently described in the Statement of Compensation either with respect to the area of the temporary easement or the duration of it, to make proper compliance of it with the statutory scheme that has been mentioned already. The court further finds that, with respect to the permanent taking, that is insufficiently described as well. The court must confess that, having looked at Schedule B as it has been recorded in Book 1483, Page 308, when this Zak party application first came in, although the court has had some experience in reading maps and records for the last 30 some odd years, it understood the area of this easement to be in a different place than it now appears CT Page 3729 to be, based on the expert testimony of Mr. McDonald, an engineer who has been retained by the City to advise in connection with these matters.
 13. The court finds as its thirteenth finding that there will be irreparable harm and credits the testimony of Mrs. Purcell that she would not really, from the documentation file, be able to know where upon her land exactly this taking was taking place. And the court further finds that members of the general public, in looking at the records, would not be able to do so either, having a definite effect on the title to the land.
 14. With respect to likely success on the merits, the court further finds as its working finding that there is likelihood of success on the merits, since I do not find these statutes have been sufficiently complied with. And in that connection, the court notes particularly that, at least with respect to the extent of the minutes filed, there is no indication in them that the Water Pollution Control Authority made any determination as to the area within which the easement was to be located.
 15. The court further finds as its fifteenth finding that, if in fact the minutes reflect the actual situation, the Water Pollution Control Authority did not make this finding and determination in terms of any record of it; that in fact, while it may seek the advice of experts and others, the determination is to be made by this public body and it has not made it in the minutes.
 16. Now, with respect to the court's sixteenth finding, I also find here that there is not an adequate remedy of law here other than to enjoin this condemnation until compliance with the things I have outlined in my findings, since the property owner is entitled to have compliance with the statutory procedures to which I have alluded. And by recognizing that these temporary hearings are not as extensive or detailed as the permanent hearings on permanent injunctions, I continue to hold that some bond is in order and I find that the bond from Western Surety Company would suffice. Now, this document indicates that it is a copy on its face.
CT Page 3730
 The court finds that the bond binding Anna Zak and Linda Z. Purcell suffices.
The court orders that the City of Shelton Water Pollution Control Authority, its servants, employees, agents and attorneys are enjoined from proceeding with an eminent domain action against the property known as 140 Leavenworth Road, Shelton, described in Schedule A, in the Statement of Compensation already on file with the court, titled in the name of Anna M. Zak (A.K.A.) and Linda Z. Purcell, Trustees under Share B of the Vincent J. Zak and Trust, dated October 4, 1998. This temporary order will remain in effect until the further order of the court. The court reporter is ordered to complete the findings and order in terms of a transcript and place it in the file at the state's expense.
This order is specific to this file.
Flynn, J.